UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00123-GNS

LESLIE LEE, ET AL.                                                                               PLAINTIFFS

v.

MARK KIRKPATRICK, ET AL.                                                                DEFENDANTS

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on Plaintiffs' motion to remand (DN 11), which is ripe for adjudication. For the reasons stated below, the motion is **GRANTED**.

**I.      STATEMENT OF FACTS**

Plaintiffs Leslie Lee, as Executrix of the Estate of Bobby Keith Lee and individually, and B.A.L. through his next friend, Leslie Lee, (collectively "Plaintiffs") filed this action in Green Circuit Court alleging that Defendants failed to provide adequate medical care to Decedent, which ultimately led to his death. (Compl., DN 1-1). The Complaint forwards five separate counts, all of which sound in state tort law. (Compl. ¶¶ 7-30).

Defendants removed this case from state court under 28 U.S.C. § 1441, recognizing that the Complaint recites only state-law claims. (Notice of Removal 2, DN 1). In response to interrogatories propounded by Kirkpatrick, however, Plaintiffs stated that they intended to rely on and inform the jury of three federal regulations—21 C.F.R. § 1304.22(c), 21 C.F.R. § 1304.03, and 21 C.F.R. § 1317.05—to further demonstrate Defendants' tortious conduct. (Pls.' Answers to Defs.' Interrogs. Nos. 1, 2, DN 17-3). As a result, Defendants contend that this Court has federal-question jurisdiction under 28 U.S.C. § 1331 because at least one of Plaintiffs'

1

claims "arises under the laws of the United States." (Notice of Removal 3). Defendants also contend that this Court has supplemental jurisdiction over the rest of Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367 because they arise out of the same set of facts as the "federal law claims." (Notice of Removal 3). On August 5, 2016, Plaintiffs filed a motion to remand this action to Green Circuit Court under 28 U.S.C § 1447(c), asserting that this Court lacks subject matter jurisdiction. (Pls.' Mot. Remand, DN 11).

## II. DISCUSSION

Removal of an action from state court to federal court is proper when the plaintiff could have brought the action in federal court originally. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ."). Unlike state trial courts, federal district courts are courts of limited jurisdiction; they hold only that power authorized by statute and the U.S. Constitution and statute. *Gunn v. Minton*, 133 S. Ct. 1059, 1964 (2013) (citation omitted). Under 28 U.S.C. § 1331, district courts have original jurisdiction over "actions *arising under* the Constitution, laws, or treaties of the United States." *Id.* (emphasis added). Moreover, "[t]he party seeking removal bears the burden of demonstrating that the district court has original jurisdiction." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006) (citations omitted). "[B]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Id.* at 549-50 (internal quotation marks omitted) (citation omitted).

Familiar to this analysis is the well-pleaded complaint rule, which directs courts to examine the "[w]ell pleaded allegations of the complaint and ignore potential defenses" in

determining whether a claim arises under federal law. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); *see also Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("Under our longstanding interpretation of the current statutory scheme, the question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" (citation omitted)). Within the confines of the well-pleaded complaint rule, there are two paths to federal court under Section 1331: (1) federal claims, i.e., cases where federal law creates the cause of action; and (2) state causes of action that implicate "significant federal issues." *Eastman*, 438 F.3d at 550; *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983).

The first path is simple and covers the "vast majority of cases that come within the district courts' original jurisdiction . . . ." *Franchise Tax Bd.*, 463 U.S. at 9. Quite simply, a cause of action is created by federal law where federal law provides a right to relief. *Eastman*, 438 F.3d at 550. The second path, which is known as the "substantial-federal-question doctrine," is more complicated. The Supreme Court has found that "a case may arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Merrell Dow Pharms.*, 478 U.S. 808 (quoting *Franchise Tax Bd.*, 463 U.S. at 9). That being said, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Id.* at 813. The substantial-federal question doctrine confers jurisdiction only if the following elements are met: (1) the state-law claim necessarily raises a disputed federal issue; (2) the federal interest in the issue is substantial; and (3) the exercise of jurisdiction does not disturb any congressionally approved balance of federal

and state judicial responsibilities. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 568 (6th Cir. 2007) (citing *Grable & Sons*, 545 U.S. at 313).

There are exceptions to the well-pleaded complaint rule, one of which is known as the artful-pleading doctrine. Federal courts have jurisdiction under this doctrine "[i]f a plaintiff has carefully drafted the complaint so as to avoid naming a federal statute as the basis for the claim, and the claim is in fact based on a federal statute." *Mukulski*, 501 F.3d at 561 (citing *Franchise Tax Bd.*, 463 U.S. at 22). This doctrine applies only when a plaintiff's claims "actually implicate a federal cause of action" that might have been invoked absent artful pleading. *Id.* at 561-63.

Defendants have admitted that the Complaint does not explicitly refer to or invoke any federal law for the relief Plaintiffs seek. Rather, Defendants contend that Plaintiffs' answers to certain interrogatories allow them to travel the second path to federal court or at least show that the artful-pleading exception applies. The relevant parts of those interrogatories and Plaintiffs' answers are reproduced below.

> **INTERROGATORY NO. 1:** Do you intend to rely on any federal statute and/or federal regulation to support your allegation that any of the Defendants deviated from the appropriate standard of care or caused injury to the Plaintiffs?
> . . .
> **ANSWER:** [Y]es. Citations of said federal statutes/regulations are 21 C.F.R. § 1304.22(c); 21 C.F.R. 1304.03; 21 C.F.R. 1317.05 and citation of said statute [sic] statute/regulation is 201 K.A.R. 2:074. Defendants' failed to document the amount of morphine which Mr. Lee received through his PCA Pump. The doctors and nurses should monitor the amount of morphine Mr. Lee received and should have known how much he had received prior to ordering/administering the Dilaudid and Soma. This violation further demonstrates the grossly negligent and reckless disregard for the case [sic] required when administering and handling medications of this classification.
>
> **INTERROGATORY NO. 2:** Do you intend to inform the jury in this matter that the actions or omissions of any of the Defendants was in contravention of any federal statute and/or regulation?
> . . .

> **ANSWER:** [Y]es. Citations of said federal statutes/regulations are 21 C.F.R. § 1304.22(c); 21 C.F.R. 1304.03; 21 C.F.R. 1317.05 and citation of said statute [sic] statute/regulation is 201 K.A.R. 2:074. See also answer to Interrogatory No. 1.

(Pls.' Answers to Defs.' Interrogs. Nos. 1, 2).

At the outset, Defendants' contention that this Court has federal-question jurisdiction because Plaintiffs mentioned federal law in their answers to two interrogatories raises concern. *See Breiding v. Wilson Appraisal Servs., Inc.*, No. 5:14CV124, 2016 U.S. Dist. LEXIS 37422, at *12 (N.D. W. Va. Mar. 23, 2015) ("[E]xtrinsic documents will rarely, if ever affect a federal court's subject matter jurisdiction in federal question cases because the jurisdictional inquiry is normally limited to the plaintiff's well-pleaded complaint." (internal quotation marks omitted) (quoting *Dougherty v. Cerra*, 987 F. Supp. 2d 721, 729 (S.D. W. Va. 2013))). While the Sixth Circuit has referred to the substantial-federal-question doctrine as an "exception" to the well-pleaded complaint rule, it has explained that state claims do not "arise under" federal law "unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims . . . ." *Mikulski*, 501 F.3d at 565 (quoting *Franchise Tax Bd.*, 463 U.S. at 13). Indeed, the first inquiry in the substantial federal question test is whether "a state-claim necessarily raise[s] a stated federal issue . . . ." *Grable & Sons*, 545 U.S. at 314. Moreover, as one court has explained, under current Supreme Court precedent, "[e]ven if they are substantial, federal questions triggering jurisdiction must still appear amid the elements of the plaintiff's cause of action." *Dillon v. Medtronic, Inc.*, 992 F. Supp. 2d 751, 756-57 (E.D. Ky. 2014) (citation omitted).

Defendants' position is that "the key element of [Plaintiffs'] claim against Defendant Jane Todd Crawford Memorial Hospital is the extent to which Defendant's nurses acknowledged and documented the amount of morphine remaining in Mr. Lee's [PCA] pump and whether Dr.

5

Kirkpatrick considered this information before selecting a dosage of Dilaudid." (Defs.' Resp. Pls.' Mot. Remand 3, DN 16 [hereinafter Defs.' Resp.]). Because some of the regulations Plaintiffs cited in their answers to Defendants' interrogatories deal with documenting how controlled substances are dispensed, Defendants contend that Plaintiffs' claims hinge on these regulations and that they will "exhort the jury to render a verdict based on federal regulations." (Defs.' Resp. 2).

Defendants' position is overstated. None of the federal regulations Plaintiffs mentioned appear in the Complaint. The Complaint asserts five generic counts of negligence. Plaintiffs did not, for example, assert a claim of negligence *per se* against Defendants based on the violation of a federal statute or regulation. *See Dillon*, 992 F. Supp. 2d at 756, 759 (noting that "the paradigmatic example of a state claim with an embedded (though not necessarily significant) federal issue is a common-law claim for negligence per se based on the violation of a federal duty." (citing *Merrell Dow Pharms.*, 478 U.S. at 814)). Moreover, the regulations at issue are not mentioned by Plaintiffs' experts in their reports or depositions when discussing the applicable standard of care. All of this suggests that Plaintiffs' claims are not "[p]remised on violation of federal law, but rather on an independent state duty." *Fulgenzi v. PLIVA, Inc.*, 711 F.3d 578, 587 (6th Cir. 2013). Plaintiffs will seek a verdict based on state tort law—they do not seek to "exhort the jury to render a verdict based on federal regulations." (Defs.' Resp. 2). They intend to invoke the federal regulations merely as further examples of Defendants' negligence.

Even assuming Defendants could get past the initial hurdle of the well-pleaded complaint rule, they have failed to show that the substantial-federal-question doctrine confers jurisdiction in this case. Before delving into the elements of the substantial-federal-question test, it is helpful to view this case through the lens of two Supreme Court cases—*Merrell Dow Pharmaceuticals,*

*Inc. v. Thompson* and *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Manufacturing*. In *Merrell Dow*, the plaintiffs asserted state tort claims against a drug company alleging the drug company was presumptively negligent because it had violated the branding provision of the federal Food, Drug, and Cosmetic Act. *Merrell Dow Pharms.*, 478 U.S. at 806. The Court held that federal question jurisdiction was lacking. Citing fears of increased federal litigation and the importance of legislative intent, "*Merrell Dow* thought it improbable that the Congress, having made no provision for a federal cause of action, would have meant to welcome any state-law tort case implicating federal law 'solely because the violation of the federal statute is said to [create] a rebuttable presumption [of negligence] . . . under state law.'" *Grable & Sons*, 545 U.S. at 319 (quoting *Merrell Dow Pharms.*, 478 U.S. at 811-12).

In *Grable & Sons*, the plaintiff filed a state law claim to quiet title, alleging that the defendant's title was invalid because the IRS had failed to give the plaintiff proper notice pursuant to 26 U.S.C. § 6335(a) when seizing the plaintiff's property to satisfy a federal tax deficiency. Significantly, the parties' dispute hinged on the proper meaning of that notice provision. *Grable & Sons*, 545 U.S. at 311. The Supreme Court held that federal jurisdiction was warranted because "[t]he meaning of the federal tax provision is an important issue of federal law that sensibly belongs in a federal court." *Id.* at 315. Indeed, the Court noted that whether Grable had been given proper notice was an "essential element" of its state-law claim and that the meaning of the federal statute "appear[ed] to be the only legal or factual issue contested . . . ." *Id.*

Applying the elements of the substantial-federal-question test to the present case, there is no disputed federal issue in this case. Defendants assert that the parties contest the interpretation and application of the federal regulations Plaintiffs have cited. The only specific "dispute"

referenced by Defendants, however, is their argument that 21 C.F.R. § 1304.02 does not apply because Decedent was not receiving maintenance or detoxification treatment, facts which appear uncontested. Defendants have failed to explain how the parties dispute the "interpretation" of any provision of any federal regulation; they merely note that federal regulations "must be clearly interpreted in order to be properly applied." (Defs.' Resp. 4). Of course, all laws must be interpreted clearly before they can be applied properly, and thus this general proposition fails to create a disputed federal issue in the present case.

Second, even if there were a disputed federal issue, the federal interest in it would not be substantial. The Supreme Court has identified four factors courts should consider in determining whether there is a substantial federal interest in a disputed federal issue:

> (1) whether the case includes a federal agency, and particularly, whether the agency's compliance with the federal statute is in dispute; (2) whether the federal question is important (i.e., not trivial); (3) whether a decision on the federal question will resolve the case (i.e., the federal question is not merely incidental to the outcome); and (4) whether a decision as to the federal question will control numerous other cases (i.e., the issue is not anomalous or isolated).

*Mikulski*, 501 F.3d at 570 (citation omitted). These factors must be examined collectively and in light of the facts presented by each case; "no single factor is dispositive." *Id.*

The first factor is easily resolved in favor of finding that there is no substantial federal interest—there is no federal agency involved in this case. While the government undoubtedly has an interest in regulating the dispensation of controlled substances by healthcare providers, it has only a limited interest in litigation over private, state-law tort duties that happen to involve the administration of controlled substances. *See id.*

The second factor, whether the federal question is important, is more subjective but raises no concern in this case. In *Mikulski*, the court recognized that resolution of the issue presented would "[r]equire the analysis and interpretation of federal law . . . ." *Id.* The same cannot be

said here. The resolution of the issues presented in this case can be resolved solely under state tort law; Plaintiffs have identified federal regulations merely to further demonstrate Defendants' tortious administration of medication to Decedent. Defendants point to the congressional findings in 21 U.S.C. § 801, to which the regulations cited by Plaintiffs relate, as evidence that this case presents an important federal issue. Specifically, Defendants note that in 21 U.S.C. § 801(6), Congress found that "[f]ederal control of the intrastate incidents of the traffic in controlled substances is essential to the effective control of the interstate incidents of such traffic." 21 U.S.C. § 801(6). They also point to subsection (2), in which Congress found that "[t]he illegal importation, manufacture, distribution, and possession and improper use of controlled substances have a substantial and detrimental effect on the health and general welfare of the American people." 21 U.S.C. § 801(2). From this, Defendants proclaim that the improper use of controlled substances is such a keen threat to the welfare and health of the American people that "[t]his matter does not belong in state court." (Defs.' Resp. 6). The importance of proper documentation of drug administration in a hospital setting, however, pales in comparison to the broader, far more important concerns over the illegal importation and distribution of controlled substances.

The Court recognizes the immense threat presented by the improper use of controlled substances and Congress's desire to ensure federal control over both intrastate and interstate trafficking of controlled substances. The language cited by Defendants, however, has no bearing on the subject matter of this case—in relying on it, Defendants have divorced themselves from the facts at hand.[1] As discussed above, Defendants have not specifically identified any disputed

---

[1] The portions of the 21 U.S.C. § 801 cited by Defendants as support appear to be congressional findings that were necessary to establish Congress's constitutional authority to pass the statute.

9

issue over the interpretation of the regulations cited by Plaintiffs and those regulations are not essential to Plaintiffs' claims.

The third factor, whether resolution of the disputed issue is dispositive of the case, also weighs against finding a substantial federal issue. Plaintiffs have not alleged that Defendants' violation of federal regulations constitutes negligence *per se*. Plaintiffs' use of federal regulations at trial would at most assist the trier of fact in determining whether Defendants' conduct fell below the applicable standard of care. These regulations would not even presumptively establish a single element of any of Plaintiffs' claims.

The fourth factor, whether a decision as to the federal question will control numerous other cases, again does not favor finding a substantial federal issue. Unlike *Grable & Sons*, which presented a "nearly pure issue of law . . . that could be settled once and for all and thereafter would govern numerous tax sale cases[,]" the issues in this case are "fact-bound and situation-specific." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 682-83 (2006) (internal quotation marks omitted) (citation omitted). Defendants note that "[t]he use of controlled substances has become widespread in this country," and argue that "the adjudication of the federal issue in this case will provide[] clear instructions to hospitals, nurses, [and] physicians [of] what . . . Congress and the Drug Enforcement Administration expect[] from registered controlled substance dispensers." (Defs.' Resp. 6-7). Their argument is misplaced. Congress has already provided clear instructions to healthcare professionals regarding the disbursement and administration of controlled substances—the federal regulations. Because Defendants have pointed to no meaningful dispute between the parties over the interpretation of those regulations, it is impossible to conclude that their minor role in this case will control any

other cases.  Overall, these factors neither individually nor collectively suggest that this case presents a substantial federal interest in a disputed federal issue.

In any event, exercising jurisdiction here would disturb the congressionally approved balance of federal and state judicial responsibilities.  As the Supreme Court clarified in *Grable & Sons*, while not dipositive, the starting point of this analysis is whether Congress created a private cause of action for violations of the statute or regulation.  *Grable & Sons*, 545 U.S. at 318.  Defendants have not demonstrated that there is a private cause of action for any of the regulations cited by Plaintiffs.  Indeed, they have not even argued that point.  The inquiry does not end there, however.  As the Sixth Circuit has recognized, "we must pursue this question further and inquire into the risk of upsetting the intended balance by opening federal courts to an undesirable quantity of litigation."  *Mikulski*, 501 F.3d at 573.  In the present circumstances, the Court concludes that exercising jurisdiction over Plaintiffs' claims would upset that intended balance.  If federal courts were to exercise jurisdiction every time federal regulations were mentioned in a state-law tort case, there would be "[a] potentially enormous shift of traditionally state cases into federal courts."  *Grable & Sons*, 545 U.S. at 318.

Overall, this case appears to be far more akin to *Merrell Dow* than *Grable & Sons*, but even suggesting that it is analogous to *Merrell Dow* is a stretch.  In *Merrell Dow*, "[t]he Court assumed that federal law would have to be applied to resolve the claim."  *Grable & Sons*, 545 U.S. at 317.  As explained above, the same cannot be assumed in this case—Plaintiffs' claims can be resolved solely on state-law grounds.  Thus, the substantial-federal-question doctrine is inapplicable.

Additionally, the artful-pleading doctrine does not apply here.  Plaintiffs have not artfully drafted the Complaint to avoid revealing that their claims are actually based on federal

11

regulations. Again, Plaintiffs have indicated their intent to use 21 C.F.R. § 1304.22(c), 21 C.F.R. § 1304.03, and 21 C.F.R. § 1317.05 merely as further examples of Defendants' tortious conduct. Moreover, Defendants have failed to identify the federal claim Plaintiffs have supposedly avoided—at no point do they argue that any regulation cited by Plaintiffs carries with it a private cause of action. Thus, the artful pleading doctrine does not confer jurisdiction.

### III. CONCLUSION

This matter belongs in state court. For the reasons discussed above, the Court lacks subject matter jurisdiction. It is accordingly **ORDERED** that Plaintiffs' motion to remand (DN 11) is **GRANTED**. This case is **REMANDED** to the Green County Circuit Court, and it shall be **STRICKEN** from the Court's active docket.

**Greg N. Stivers, Judge**
**United States District Court**
December 9, 2016

cc: counsel of record